# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 18-10638 PSG (ASx) | Date | January 14, 2019 |
|---|---|---|---|
| Title | Manuel Mora v. American Textile Maintenance Co. | | |

Present: The Honorable **Philip S. Gutierrez, United States District Judge**

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**     **Order REMANDING the case**

Before the Court is a Notice of Removal ("NOR") filed by Defendant American Textile Maintenance Company ("Defendant"). *See Notice of Removal*, Dkt. # 1 ("*NOR*"). After reviewing the NOR, the Court concludes that it lacks subject matter jurisdiction. Accordingly, it **REMANDS** the case to Los Angeles Superior Court.

I.     Discussion

In this case, Plaintiff alleges that Defendant terminated his employment on the basis of his age and disability. *See generally Complaint*, Dkt. # 1-2 ("*Compl.*").[1] He brings claims for (1) age discrimination, Cal. Gov't Code § 23640(a); (2) retaliation and discrimination based on disability, Cal. Gov't Code § 12940(h); (3) failure to make reasonable accommodations for his disability, Cal. Gov't Code § 12940(m); (4) failure to engage in an interactive process, Cal. Gov't Code § 12940(n); (5) wrongful termination in violation of California public policy (*Tameny* claim); (6) and declaratory relief requesting reinstatement of his employment. *See generally id.*

Defendant alleges that the terms of Plaintiff's employment were governed by a collective bargaining agreement ("CBA"). *NOR* ¶¶ 17–19. It asserts that federal question jurisdiction exists on the basis of complete preemption under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because adjudicating Plaintiff's claims will require interpreting the CBA. *See NOR* ¶¶ 8–24.

---

[1] While Plaintiff has since filed an amended complaint, the Court looks to the original complaint because it must determine whether federal jurisdiction existed at the time the case was removed. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10638 PSG (ASx) | Date | January 14, 2019 |
|---|---|---|---|
| Title | Manuel Mora v. American Textile Maintenance Co. | | |

The LMRA is one of only a handful of statutes that the Supreme Court has held completely preempts state law. Accordingly, "[i]f resolution of a state-law claims depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted" and the federal courts have jurisdiction over the claim. *Lingle v. Norge Div. of Magic Chief, Inc.*, 486 U.S. 399, 405–06 (1988). However, causes of action that assert non-negotiable state-law rights are not preempted because they present claims that are independent of the collective bargaining agreement. *See Detabali v. St. Luke Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007). This includes claims for discrimination and retaliation in violation of state policy. *See Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989); *Miller v. AT&T Network Sys.*, 850 F.2d 543, 546 (9th Cir. 1988) (en banc) ("[N]onnegotiable state-law rights independent of any right established by contract are not preempted [by the LMRA] . . . [because] [a] contrary rule would permit unions and employers to exempt themselves from state labor standards." (cleaned up)).

Plaintiff sues to vindicate his rights to be free from discrimination and retaliation based on age and disability in violation of California law and public policy. He does not sue to vindicate rights under the CBA. However, Defendant asserts that the Court will have to interpret the CBA to determine whether Plaintiff followed its grievance procedures. But Defendant is not correct. Plaintiff's rights to be free from discrimination and retaliation and to enforce that right in the courts cannot be negotiated away and therefore did not have to be brought through the CBA's grievance process. *See Ramirez v. Fox Television Station, Inc.*, 998 F.3d 743, 748 (9th Cir. 1993).

Because Plaintiff's claims are based entirely on his unwaivable rights under California law, they do not require interpretation of the CBA and therefore are not preempted by the LMRA. Accordingly, the Court concludes that it lacks subject matter jurisdiction and **REMANDS** the case to Los Angeles Superior Court. *See* 28 U.S.C. § 1447(c).

II.   Conclusion

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction. Accordingly, it **REMANDS** the case to Los Angeles Superior Court, No. 18STCV04694.

**IT IS SO ORDERED**.